NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re DATABRICKS, INC.,**
*Petitioner*

---

2025-113

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 4:23-cv-01147-ALM, Judge Amos L. Mazzant, III.

---

**ON PETITION**

---

Before TARANTO, STOLL, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

## O R D E R

Databricks, Inc. petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas ("EDTX") to vacate its order denying transfer and to transfer the action to the United States District Court for the Northern District of California ("NDCA"). R2 Solutions LLC ("R2") opposes. Databricks replies. For the following reasons, we deny the petition.

R2 filed this suit against Databricks in EDTX asserting infringement of U.S. Patent No. 8,190,601. Databricks moved to transfer to NDCA pursuant to 28 U.S.C.

§ 1404(a).  The district court denied the motion, concluding, after analyzing the public and private interest factors, that Databricks had not shown NDCA was clearly more convenient.  In particular, the court noted that judicial economy favored keeping the case based on its familiarity with the patent and technology gained from other suits; that EDTX was likely to resolve this case faster than NDCA; that, while Databricks is headquartered in NDCA, it maintains offices and employees in EDTX, including its Director of Technical Solutions; that "the bulk of the relevant evidence" is "electronic" and "equally accessible in either venue," Appx6; and that the compulsory process factor was neutral because "neither party asserts that any non-party witness is unwilling to attend trial," Appx8.

To establish entitlement to the extraordinary remedy of a writ of mandamus, a petitioner must show: (1) "no other adequate means to attain the relief [it] desires," (2) a "clear and indisputable" right to relief, and (3) that the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (cleaned up).  On review of a § 1404(a) transfer decision, we apply the law of the regional circuit—here, the United States Court of Appeals for the Fifth Circuit.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  Applying Fifth Circuit law, we grant mandamus only when there is such a "clear" abuse of discretion that it produced a "patently erroneous result." *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)).  Databricks has not satisfied that demanding standard here.

We have recognized that a court may consider its prior familiarity with the asserted patent in assessing whether to transfer.  *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).  Of course, just because "a patent is litigated in a particular [forum]" does not mean "the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that [forum]," *id.* at 1347 n.3.  But the district court could reasonably find that

the judicial economy considerations here (combined with all other factors) were strong enough to support retaining this case, given gained familiarity through relatively recent, substantive hearings construing the patent claims in other cases. The court also reasonably declined to assign significant weight to the compulsory process or the sources of proof factors given Databricks's failure to identify any witness in NDCA unwilling to come to trial or any source of proof that was not also readily accessible from EDTX. See *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630–31 (5th Cir. 2022). Finally, while Databricks contends that, because R2 is a non-practicing entity, the court congestion factor is neutral, and not against transfer as the district court determined, Databricks failed to raise this contention in its motion to transfer. Under the circumstances, we decline to consider it.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

March 4, 2025
Date